1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Julie Irons,                          )
                                          )
10            Plaintiff,                   )     No.  CV 06-1566
                                          )
11  vs.                                    )
                                          )   **ORDER**
12  Joseph M. Arpaio,                      )
                                          )
13            Defendant.                   )
    _____)

14

15        Plaintiff, formerly an inmate at the Estrella Jail in Phoenix, Arizona, filed a *pro se*

16  Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on June 19, 2006 (Doc. #1).  The

17  Court issued a Notice of Assignment on that date, a copy of which was mailed to Plaintiff, in

18  which he was warned that failure to file a Notice of Change of Address could result in the case

19  being dismissed (Doc. #2).  The Court issued an order for payment of the inmate filing fee on

20  August 30, 2006 and ordered Defendant to answer the Complaint (Doc. #4).  On September 5,

21  2006, copies of the Court's August 30, 2006 Orders mailed to Plaintiff at her last known address

22  were returned as "not deliverable as addressed unable to forward" (Doc. #5), because Plaintiff

23  was released from jail.  Plaintiff has not filed a change of address.

24        Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v.*

25  *Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty

26  of a plaintiff who has filed a *pro se* action to keep the Court apprised of her current address and

27  to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative

28  obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the

1    court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th

2    Cir. 1988). Plaintiff's failure to keep the Court informed of her new address constitutes failure

3    to prosecute.

4         Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

5    plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move

6    for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the

7    Supreme Court recognized that a federal district court has the inherent power to dismiss a case

8    *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules

9    of Civil Procedure appears to require a motion from a party. Moreover, in appropriate

10   circumstances, the Court may dismiss a complaint for failure to prosecute even without notice

11   or hearing. *Id.* at 633.

12        In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the

13   Court must weigh the following five factors: "(1) the public's interest in expeditious resolution

14   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

15   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

16   availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*,

17   779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of

18   sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.

19   Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*,

20   910 F.2d 652, 656 (9th Cir. 1990).

21        Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure

22   to keep the Court informed of her address prevents the case from proceeding in the foreseeable

23   future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the

24   Court to consider whether a less drastic alternative is available. Without Plaintiff's current

25   address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to

26   show cause why dismissal is not warranted or an order imposing sanctions would only find itself

27   taking a round trip tour through the United States mail." 856 F.2d at 1441. Moreover, the fact

28

1   that Plaintiff has been released from jail calls into question whether her claim remains viable.

2   The Complaint and this action will therefore be dismissed with prejudice pursuant to Rule 41(b)

3   of the Federal Rules of Civil Procedure.

4        **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of

5   Civil Procedure this action is dismissed with prejudice and the Clerk of the Court shall enter

6   judgment accordingly.

7        DATED this 18th day of September, 2006.

8

9

10

11

12                     Roslyn O. Silver
                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -